UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 93-10020-001-RWZ

UNITED STATES OF AMERICA

v.

YANCY CALHOUN

ORDER

June 24, 2008

ZOBEL, D.J.

Defendant has moved for a reduction in the term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Under this section, the court may reduce a previously imposed sentence which was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Id. Pursuant to its statutory authority, 28 U.S.C. §§ 994(o), 994(u), the Commission promulgated Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c), which adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels, and provided for its retroactive application effective March 3, 2008.

In March 1994 defendant pled guilty to thirteen counts of conspiracy to distribute, possession with intent to distribute, and distribution of cocaine base and cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Under U.S.S.G. § 2D1.1 his base offense level was 36. After adjustments for possession of a dangerous weapon and acceptance of responsibility his total offense level was 35. With his criminal

history category of II, the resulting applicable guideline range was 188-235 months in prison. This court sentenced defendant to the lowest guideline sentence of 188 months in prison to be followed by a five-year term of supervised release. Defendant completed his prison term and began serving his supervised release term in March 2007, and his case was transferred to the Western District of Texas. Six months later, defendant's probation officer informed the Texas district court that defendant had violated the conditions of supervised release. In November 2007 the Texas district court revoked defendant's supervised release and sentenced him to thirty months of imprisonment. Defendant argues that he has served an "extra" thirty-seven months of imprisonment because under the amended guidelines the lowest guideline sentence for his original offense is 151 months instead of 188 months, and accordingly his current 30-month sentence should be reduced to time served. This argument fails.

Section 3582(c)(2) allows a reduction only when the sentence is "based on" a sentencing range that has been lowered by the Sentencing Commission. § 3582(c)(2). Defendant's current sentence, for violation of the terms of supervised release, is not based on the amended crack cocaine provisions in U.S.S.G. § 2D1.1. Rather, it is based on the separate guidelines governing revocation of supervised release, which are themselves based on defendant's criminal history category and not his offense level. See U.S.S.G. §§ 7B1.3-4. Accordingly, his current sentence is not "based on" a sentencing range that has been lowered by the Sentencing Commission. This conclusion is supported by the Sentencing Guidelines relating to § 3582(c)(2), which provide that "[o]nly a term of imprisonment imposed as part of the original sentence is

authorized to be reduced under this section.  This section does not authorize a reduction in the term of imprisonment upon revocation of supervised release." U.S.S.G. § 1B1.10, app. note 4(A).

Accordingly, defendant's motion is DENIED.[1]

|  |  |
|---|---|
| June 24, 2008 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

[1] A hearing on defendant's motion is unnecessary.  See Fed. R. Crim. P. 43(b)(4) (stating that defendant need not be present for a reduction of sentence under § 3582(c)).