UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 93-10020-001-RWZ-RWZ

UNITED STATES OF AMERICA

v.

YANCY CALHOUN

ORDER ON MOTION FOR REDUCTION OF SENTENCE

June 21, 2012

ZOBEL, D.J.

Defendant Yancy Calhoun completed serving a sentence of 188 months imprisonment in March 2007 and then began a five-year period of supervised release. Jurisdiction of supervision was transferred to the Western District of Texas in July 2007. In November 2007, as a result of defendant's violation of conditions of release originally imposed, the district court in Texas revoked the period of supervised release and sentenced him to 30 months imprisonment. It also reimposed supervised release terms of 57 months. In August 2011, upon defendant's acknowledgment that he had again violated supervised release, the court sentenced him to imprisonment for 18 months with no further period of supervised release.

Defendant moved for retroactive application of the reduced crack cocaine guidelines in this court in March 2008 while serving the first sentence for violating supervised release. The statute, 18 U.S.C. § 3582(c)(2), allows a reduction only when the sentence to be reduced is "based on" a sentencing range that has been lowered by

the Sentencing Commission. I denied the motion because the new sentence was based on separate guidelines that govern the revocation of supervised release and which were outside the scope of the statute and the Commission's action.

Following the 2010 amendments to the statute, 18 U.S.C. § 3582(c)(2), and the Commission's guideline amendments allowing for retroactive application of the latest adjustment of the crack cocaine provision, defendant has again moved for reduction of his sentence. In support of the current motion, defendant argues that § 1B1.10 of the guideline amendments included a new Application Note, 5(B), which permits termination of supervised release when a defendant has served his sentence of imprisonment before the change in the guideline reduction took effect. The difficulty is that defendant is not now serving a term of supervised release, but a sentence of imprisonment which is not covered by the amendment or Application Note.

Accordingly, the motion for reduction of sentence is denied.

June 21, 2012
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

2